```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
            Civil No. 05-767(DSD/SER)
```

United States of America,

       Petitioner,

v.                                                **ORDER**

Calvin Wedington,

       Respondent.

    This matter is before the court upon the motions by respondent Calvin S. Wedington (1) for appointment of counsel to file a petition for writ of certiorari to the United States Supreme Court and (2) for appointment of counsel to represent him at his parole review hearing in June 2014.[1]

    Wedington moves for appointment of counsel to prepare and file a petition for writ of certiorari.  Wedington moves the court to reappoint his previous counsel, Katherine Menendez, who withdrew with the approval of the Eighth Circuit pursuant to Anders v. California, 386 U.S. 738 (1967).  See United States v. Wedington, 409 F. App'x 969, 970 (8th Cir. 2011) (per curiam). There is no right to appointment of counsel, however, "for a litigant seeking

---

[1] Wedington has filed a number of motions with the court.  The court construes the November 20, 2013, and January 29, 2014, motions as a single motion for appointment of counsel to file a petition for writ of certiorari.  See ECF Nos. 85, 89.  The court construes the December 2, 2013, and December 27, 2013, motions as a single motion for appointment of counsel for the parole review hearing.  See ECF Nos. 86, 87.

to file a certiorari petition in the United States Supreme Court." Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) (citations omitted). As a result, the court denies the motion for appointment of counsel to file a writ of certiorari.

Wedington also moves for appointment of counsel to represent him at an upcoming parole hearing. Under the Parole Commission and Reorganization Act (PCRA),[2] a parolee facing a parole revocation hearing has a right to counsel. 18 U.S.C. § 4214(a)(2)(B). The right to appointed counsel, however, "does not extend to parole *review* hearings." United States v. Curtis, No. 13-1, 2013 WL 2156609, at *2 (E.D. Ky. May 17, 2013) (emphasis in original). As a result, Wedington does not have a right to appointed counsel for his June 2014 parole review hearing, and the motion is denied.

Accordingly, **IT IS HEREBY ORDERED** that the motions for appointment of counsel to file a petition for writ of certiorari [ECF Nos. 85, 89] and the motions for appointment of counsel for parole hearing [ECF Nos. 86, 87] are denied.

Dated:  March 5, 2014

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court

---

[2] Although the PCRA was repealed by the Comprehensive Crime Control Act of 1984, it remains applicable to individuals, such as Wedington, who committed offenses prior to November 1, 1987. See Noll v. Knowles, 19 F.3d 1440, at *1 n.1 (9th Cir. 1994) (unpublished table decision).