UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-767(DSD/SER)

United States of America,

                Petitioner,

v.                                          ORDER

Calvin Wedington,

                Respondent.


        Erin M. Secord, United States Attorney's Office, 300 South 4th
        Street, Suite 600, Minneapolis, MN 55415, counsel for
        petitioner.

        James E. Ostgard, Esq. P.O. Box 582536, Minneapolis, MN 55458-
        2536, counsel for respondent.


This matter is before the court upon the motion for an application to proceed on appeal without prepayment of fees by respondent Calvin Wedington. A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

Wedington's motion, filed by counsel, represents that Wedington has been imprisoned since approximately 1983, was previously represented by the office of the federal defender, and has qualified for appointed counsel in these proceedings. See ECF No. 142. Based on counsel's representations, the court is satisfied that Wedington is financially eligible for IFP status.

1

Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith."  28 U.S.C. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Wedington's motion under 18 U.S.C. § 4247 was properly denied, his appeal is not "frivolous," as that term has been defined by the Supreme Court.  As a result, the appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3), and the IFP application will be granted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Wedington's application to appeal in forma pauperis [ECF No. 142] is granted.

Dated: September 27, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court