UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-767 (DSD/SER)

United States of America,

   Petitioner,

v.                **ORDER**

Calvin Wedington,

   Respondent.


  This matter is before the court upon respondent Calvin Wedington's objection to the August 8, 2019, report and recommendation (R&R) of Magistrate Judge Steven E. Rau. In his report, the magistrate judge recommended that: (1) Wedington's motion for a hearing pursuant to 18 U.S.C. § 4247(h) be denied; and (2) Wedington should remain in the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4245. Wedington timely objected.

  The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct.


**BACKGROUND**

  Wedington is a federal prisoner who was sentenced to life imprisonment for second-degree murder in 1982. On June 2, 2005, this court committed Wedington to FMC-Rochester for treatment

pursuant to 18 U.S.C. § 4245.  In April 2019, Wedington filed a motion pursuant to § 4247(h), requesting a hearing to determine whether he should be discharged from commitment and placed in the general prison population.  ECF No. 183.  After an evidentiary hearing and briefing by the parties, the magistrate judge recommended that Wedington's motion be denied.  See ECF No. 201.

## DISCUSSION

Wedington does not object to the R&R's statement of the relevant legal standard.  Instead, Wedington objects to the conclusion that he needs to be committed in order to receive treatment for his mental illness.  ECF No. 204 at 1.

Under § 4245, an inmate may be discharged from commitment if he shows, by a preponderance of the evidence, that either (1) he is not "presently suffering from a mental disease or defect," (2) he is not "in need of custody" for the treatment of the mental disease or defect, or (3) the facility is not suitable for care or treatment.  18 U.S.C. § 4245(d); see also United States v. Wedington, 539 F. App'x 698, 699 (8th Cir. 2013) (adopting the preponderance of the evidence standard from United States v. Frierson, 208 F.3d 282 (1st Cir. 2000)).  In the R&R, Magistrate Judge Rau concluded that Wedington does presently suffer from a mental disease or defect, he is in need of custody for treatment,

and the facility wherein Wedington is currently held is suitable. See generally ECF No. 201.

Wedington objects to the R&R's second conclusion, that he is "in need of custody" for treatment. ECF No. 204 at 1–2. He states "that he has recovered sufficiently so that *custody* for purposes of treatment is no longer needed," and argues that the R&R improperly conflated the "in need of custody" standard with his being in need of treatment. Id. (emphasis omitted). Wedington contends that Magistrate Judge Rau erred in allegedly assuming that Wedington's treatment would cease if he were discharged from custody. Id. at 2–3. Though Wedington does not dispute that he has stated he would stop taking his psychotropic medication if he were discharged, he argues that he can be properly treated for his schizophrenia without taking this medication and without remaining in custody. Id. To support this argument, Wedington points to record evidence that his mental state and overall wellness has improved markedly since his commitment began in 2005. Id. at 3-4.

The court finds that the R&R properly considered whether Wedington is "in need of custody" for treatment of his schizophrenia. An inmate may be "in need of custody" when he would pose a danger to himself or others if his mental illness is left untreated. United States v. Horne, 955 F. Supp. 1141, 1149 (D. Minn. 1996). An inmate poses a danger to himself when his mental

3

illness prevents him "from making rational decisions about his medical care." United States v. Clark, 122 F. App'x 282, 283 (8th Cir. 2005).

Magistrate Judge Rau's conclusion that Wedington is still "in need of custody" for treatment is not based on an assumption that treatment would cease if his commitment is lifted. Rather, it is based on undisputed record evidence. As the R&R properly concluded, the record contains sufficient evidence that Wedington would stop taking his psychotropic medication to control his schizophrenia if his commitment were lifted. See ECF No. 201 at 13–15. The record further illustrates that if Wedington stops taking his medication, he will decompensate, as he has done in the past, and may serve as a risk to himself or others. See id. Because Wedington would cease taking his medication if he were discharged from commitment, he remains "in need of custody" for treatment.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

    1.    Wedington's objection [ECF No. 204] to the R&R is overruled;

    2.    The R&R [ECF No. 201] is adopted in its entirety;

    3.    Wedington's motion for a hearing date pursuant to 18 U.S.C. § 4247(h) [ECF No. 183] is denied; and

4. Wedington is to remain in the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4245 for hospitalization and treatment until he is no longer in need of such custody for care and treatment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2019

                                            s/David S. Doty_____
                                            David S. Doty, Judge
                                            United States District Court